**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3792 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00221-JCM-NJK-1 |
| v. | |
| STEPHEN DON RHYMES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 20, 2024**

Before: CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Stephen Don Rhymes appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

assaulting, resisting, or impeding a federal officer and employee, in violation of 18

U.S.C. § 111(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rhymes first argues that the district court impermissibly imposed the sentence to promote his rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319 (2011). However, the court's comments do not indicate that it imposed a carceral sentence to facilitate Rhymes's rehabilitation. Rather, when responding to the defense's arguments in favor of a time-served sentence, the court permissibly noted the availability of rehabilitation programs in prison. *See id*. at 334 ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.").

Rhymes next contends that the district court did not address his sentencing disparity argument regarding his co-defendant. The record shows, however, that the court considered Rhymes's mitigating arguments, and nevertheless determined that a 46-month sentence was appropriate in light of the nature and seriousness of Rhymes's offense. This explanation was sufficient. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Finally, Rhymes asserts that the within-Guidelines sentence is substantively unreasonable. However, we cannot conclude that the court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, particularly the nature of the offense, the sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

23-3792